**In re Darryl Orrin BAKER, Petitioner.**

No. 07–3831.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Nov. 16, 2007.

Filed Dec. 07, 2007.

Darryl Orrin Baker, Sandstone, MN, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Darryl Baker, an inmate incarcerated at the Federal Correctional Facility in Sandstone, Minnesota, filed a pro se Federal Tort Claims action that was dismissed by the District Court on July 11, 2006.

On June 8, 2007, Baker filed motions seeking to re-open the time to file an appeal and for service of the District Court's Order of dismissal. The District Court has not ruled on any of these motions. Almost two months later, on July 26, 2007, Baker filed a petition for a writ of mandamus in the District Court complaining that the Court had not ruled on his motions, and had not instructed the Defendants to respond.

Baker now petitions this Court for a writ of mandamus ordering that the Dis-

trict Court grant him permission to file a Rule 59(e) motion, a notice of appeal, and a direct appeal. He further requests that we order the production of the District Court's Order in this matter, which he never received.

Mandamus is an appropriate remedy in extraordinary circumstances only. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). To prevail, the petitioner must establish that he has "no other adequate means" to obtain relief, and that he has a "clear and indisputable" right to issuance of the writ. *Id.* at 378–79. A federal appellate court may issue a writ of mandamus on the grounds that undue delay is tantamount to a failure to exercise jurisdiction, *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996); however, the manner in which a district court controls its docket is discretionary. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982).

Baker has demonstrated neither that he has no other adequate means for relief, nor that his right to the writ is clear and indisputable. Baker's motions have been pending in the District Court for a mere five months, and we have no reason to doubt that the District Court will timely take action in this case. Accordingly, we will deny the petition.